Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ∷
Kiki Chrisomallides*
Dylan Braverman
Adam S. Covitt

Kevin D. Porter
Susan Vari

Brian Andrews
Margaret Antonino* ■
Edward J. Arevalo
Robert Boccio
Bruce Brady *
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen

Charles K. Faillace ±
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis –
Jennifer M. Lobaito
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ∷
Arthur I. Yankowitz**

Danielle Bennett ∆
Theresa A. Bohm
Angela R. Bonica *
Julia Combs †
Christine Crane
Michael P. Diven * ** ∷
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Jillian Kuper †
Christian McCarthy
John O'Brien
Daniel O'Connell * ■
Kara Ognibene †
Emily Phillips
Alesha Powell
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Tyler Weingarten †
Alexandra Zerrillo * ** ∷

*Of Counsel*
Patricia M. Comblo ∷ ±
Josie M. Conelley
Brian DiPentima*
Tricia M. Criscito
Roseann V. Driscoll
William Gagas ±
Rani B. Kulkarni
Nicole E. Martone
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Paul Varriale
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
-- Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in Ohio
∷ Admitted to Practice in CO
† Admission Pending



March 14, 2023

**VIA CM/ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *The Estate of Genevieve McCaffrey v. Our Lady of Consolation Nursing and Rehabilitative Care Center et al.*
             Case No. 2:23-cv-01611-JMA-SIL

Dear Judge Azrack:

      The undersigned represents defendant Our Lady of Consolation Nursing and Rehabilitative Care Center ("OLOC") in the above-referenced action. This letter is submitted pursuant to this Court's March 7, 2023, Order directing the parties to show cause why this case should not be remanded to the Supreme Court, Suffolk County, in light of the Second Circuit's decision in *Solomon v. St. Joseph Hosp.*, No. 21-2729, --- F.4th ----, 2023 WL 2376207 (2d Cir. Mar. 7, 2023). (Decision attached).

      The *Solomon* court ruled that "the PREP Act's cause of action for willful misconduct is unambiguously 'an exclusive Federal cause of action' that forms the basis for federal jurisdiction." *Solomon, supra*, at 10, *citing* 42 U.S.C. § 247d-6d(d)(1). As to the specific claims in that case, the court held: (1) plaintiff's state-law claims were not completely preempted by the PREP Act because they did not fall within the scope of the PREP Act's federal cause of action for willful misconduct; (2) there was no jurisdiction under the federal-officer removal statute because the hospital defendants therein did not "act under" a federal officer; and (3) plaintiff's claims there did not "arise under" federal law.

      By contrast, the Complaint here expressly alleges "an act or omission that is taken -- (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit," thereby falling within the scope of the PREP Act's cause of action for willful misconduct. 42 U.S.C. § 247d-6d(c)(1)(A). As such, federal jurisdiction is proper under the doctrine of complete preemption. *Solomon*, *supra* at 8.

Plaintiff affirmatively pleads that OLOC's conduct was "willful and wanton in the face of the COVID-19 outbreak and pandemic" and "in total disregard of the plaintiff's decedent's well-being," "knowing that their conduct would probably result in injury or damage to plaintiff's decedent." (Complaint, ECF No. 1-1, ¶¶ 109, 192, 202). Plaintiff also alleges that OLOC "acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate complete disregard of the consequences of their actions and/or inactions." The Complaint further alleges that OLOC "intentionally … failed to test Genevieve McCaffrey for COVID-19" and "intentionally … failed [to] screen all residents, including Genevieve McCaffrey, for COVID-19 symptoms." (Complaint, ¶¶ 193, 199).

The Complaint also states that OLOC acted intentionally in this regard in order to achieve a wrongful purpose by alleging that "government programs provided [OLOC] with a guaranteed source of income and a continual flow of residents whose care was paid for by [a] taxpayer funded program," and that "plaintiff-decedent, was the type of resident whose care was paid for by the government and was the type of resident [OLOC] actively sought in order to fill their empty beds, increase their rate of occupancy, and overall revenues." Plaintiff thus claims that OLOC wrongfully put profit over patient care as an alleged "proprietary corporation engaged in the for profit operation of a nursing home, which claimed to 'specialize' in the care of helpless individuals who are chronically infirm." (*Id.* at ¶¶ 52-54) (emphasis added).

Accordingly, this case is distinguishable from *Solomon*. Contrary to the facts in that case, the Complaint here alleges conduct that falls within the scope of the PREP Act's exclusive federal cause of action for willful misconduct. As such, this Court has subject matter jurisdiction under the complete preemption doctrine. *Solomon*, *supra*, at 10.

Accordingly, Defendant respectfully asks this Court to retain jurisdiction.

Sincerely,<br>
/s/ Megan A. Lawless<br>
Megan A. Lawless (ML 3227)

TO: (via CM/ECF)
All Parties of Record